Luczyk, Respondent, v. Shaw, Appellant.

*June 2—June 26, 1959.*

For the appellant there was a brief and oral argument by *Max E. Goldsmith* of Milwaukee.

For the respondent there was a brief by *Michael J. Kondos, Robert R. Fenno,* and *Monroe N. Orman,* attorneys, and *Peter J. Kondos* of counsel, all of Milwaukee, and oral argument by *Michael J. Kondos.*

BROWN, J. The court accepts this statement, except to it there should be added this provision of the lease:

"Agreements To Bind Parties.
"The term 'first party' and 'second party' when used herein shall be taken to mean either singular or plural, masculine or feminine, as the case may be, and the provisions of this instrument shall bind the parties mutually and their respective heirs, executors, administrators, legal representatives, successors, and assigns."

These terms express agreement that the lease is assignable. Nothing in it supports a contention that to have a valid assignment by one party there must be consent to it by the other. By assignment the lessor's assignee succeeds to the rights and obligations of the lessor unless the assignment notes a restriction of the original terms. There is no such restriction here.

Appellant submits that there is something personal or confidential in the relationship between Groh and Shaw whereby Groh may not freely assign his contract rights. The terms of the lease do not state or imply that meaning. Shaw has agreed to buy exclusively, not from Groh personally, but "from the party of the first part, . . . as long as said party of the first part is in the business . . ." And the "party of the first part" is defined to identify not only Groh, individually and personally, but any person, masculine or feminine, singular or plural, a successor or an *assign.* We cannot find here any express or implied agreement that Groh's products or Groh's personality limit the rights to which Groh's assignee may succeed.

We see no further effect in the phrase set off by commas, "or his designate," than while "the party of the first part," whoever he may be, is in the business he need not supply Shaw's requirements himself but has the alternative of diverting Shaw's purchases to some "designate" whom Shaw must accept. The privilege of designation of another supplier by the party of the first part is not material here because Luczyk has become by assignment the party of the first part and is in the business and is willing and able to supply Shaw himself without filling Shaw's orders through a designated third person.

The action was brought and tried in the civil court of Milwaukee county, where judgment was rendered for plaintiff-respondent. Appeal was then taken to the circuit court for Milwaukee county where plaintiff was again victorious. The same questions are now presented to us and we conclude that we must repeat the answers which appellant received before.

Luczyk tenders performance under the terms of the lease and Shaw has refused the performance which the lease has required of him. His failure of performance gives the party of the first part a right to repossess the premises.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.

FAIRCHILD, J. (*concurring*). The lessee's promise to buy all petroleum products specifies no price nor formula for determining price. The parties have not referred to this fact upon appeal. Perhaps there is a trade custom for determining price or an understanding between the parties. Under these circumstances I concur in the decision, merely noting that questions are raised in my mind by the apparent indefiniteness of the promise.